IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | CASE NO. 22-60050 |
| DAVID RAY KUCERA § | | Chapter 11, Subchapter V |
| VALERIE MCLENNAN KUCERA § | | |
|     Debtors § | | |
| § | | |
| § | | |
| CLAY KOLLE § | | |
| LACY KOLLE § | | |
|     Plaintiffs § | | |
| v. § | | ADVERSARY PROCEEDING |
| § | | NO. _____ |
| DAVID RAY KUCERA § | | |
| VALERIE MCLENNAN KUCERA § | | |
|     Defendants § | | |
| § | | |

**COMPLAINT SEEKING EXCEPTION TO DISCHARGE OF
KOLLES' CLAIMS PURSUANT TO 11 U.S.C. §523(a)(6)**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Clay Kolle and Lacy Kolle (the "Kolles" or "Plaintiffs") and present this Complaint Seeking an Exception to Discharge of Debts against David Ray Kucera and Valerie McLennan Kucera (the "Debtors", "Kuceras", or "Plaintiffs") pursuant to 11 U.S.C. § 523(a)(6) and respectfully would show the following:

**SUMMARY**

Defendants made land modifications that resulted in flooding to the Kolles' land. Per the testimony of the Defendants' prior employee, Matthew Nelson, Mr. Kucera filled in drainage ditches impounding water back unto the Kolles' land because "He wanted us to dam those ditches up so we could show the Kolles what it was like without them and really flood them out." **Testimony of Matthew Nelson, October 11, 2021, p. 14**. Defendants' actions willfully and maliciously injured the Kolles' property, which resulted in a judgment in favor of the Kolles jointly for $535,702.49, Clay Kolle for $207,972.61, and Lacy Kolle for $207,972.61. These amounts should be excepted from discharge under 11 U.S.C. § 523(a)(6).

1

## I. JURISDICTION

1. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334, 157(a), and 11 U.S.C. § 523. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(I).

## II. THE PARTIES

2. Plaintiff, Clay Kolle, whose last three digits of his driver's license number are 391, and the last three digits of his social security number are 278, is an individual residing in Victoria County, Texas.

3. Plaintiff, Lacy Kolle, whose last three digits of her driver's license number are 217, and the last three digits of her social security number are 852, is an individual residing in Victoria County, Texas.

4. Defendant, David Kucera ("Kucera"), is an individual residing in Victoria County, Texas, who may be served in accordance with Federal Rules of Bankruptcy Procedure at 580 Gentry Road, Inez, Texas 77968.

5. Defendant, Valerie Kucera is an individual residing in Victoria County, Texas, who may be served in accordance with Federal Rules of Bankruptcy Procedure at 580 Gentry Road, Inez, Texas 77968.

## III. FACTS

6. In August 2013, the Kolles purchased approximately 126 acres of real property situated northwest of Inez, Texas along Leona Creek. The Kolles' home is located on a portion of the property, and the remainder is used for cattle grazing.

7. At the time of purchase, the Kolles' property had upland grass, numerous oaks, elms, and other native hardwood trees, and some rose hedge. The property's natural soil

composition is predominately sandy loam which, in the absence of impediments, naturally drains well. Historically, surface water naturally drained across the property in a northwest to southeast drainage pattern, consistent with other properties in the surrounding area.

8. For a period of time following the Kolles' purchase of the property, surface water drained from the property consistent with the natural northwest to southeast pattern. The drainage of surface water from the Kolles' property is aided by an unnamed tributary to Leona Creek. That tributary passes through the adjacent property to the east of the Kolles' property which was then owned by Defendant, one of its business entities, K&K Inez Properties, LLC ("K&K"), and has been developed by K&K and David Kucera into a residential neighborhood known as Pura Vida.

9. Following the Kolles' purchase of their property, the Kolles invested substantial amounts of money, time, and effort to improve the home and outbuildings located on the property and enhance its use for cattle grazing. The work included dozing, stacking, and piling work to remove rose hedge from the property, and both individual and broadcast herbicide treatment to eradicate unwanted vegetation and enhance the growth of desirable native grasses suitable for grazing.

10. Subsequent to the Kolles' purchase and improvement of the property, Defendants constructed an earthen berm on two separate pieces of adjacent property owned K&K and Defendant Valerie Kucera, individually, effectively encompassing the majority of the eastern and southern boundaries of the Kolles' property. The berm was approximately one to two feet in height and approximately 4,500 feet in total length. In addition, K&K and David Kucera used concrete blocks, gravel, metal bars, logs, earthen materials, hay, and an impermeable liner material to construct a dam across the natural drainage tributary to Leona Creek.

11. The berm and dam built by Defendants prevented the natural flow of surface water across the Kolles' property and the proper drainage of the Kolles' property through the natural drainage tributary. Further, Defendants' berm and dam caused the repeated and prolonged impoundment of surface water on the Kolles' property.

12. The repeated pattern of Defendants' diversion, storage, and impoundment of surface water created by the dam and berm resulted in severe damage to the soil and vegetation on the Kolles' property, directly caused the loss of numerous mature oaks and other trees and vegetation, and rendered a portion of the property effectively unusable for grazing purposes.

13. On November 17, 2017, the Kolles filed a complaint against K&K and the Defendants for, *inter alia,* trespass, nuisance, and negligence related to the damage done to the Kolles' land.

14. On November 9, 2021, the Kolles were granted a judgment in their favor against Defendants for $535,702.49 jointly, Clay Kolle for $207,972.61, and Lacy Kolle for $207,972.61. As these claims arise by willful and malicious injury of the Debtors, the Kolles seek confirmation from this court the claims are excepted from discharge in the underlying bankruptcy case pursuant to 11 U.S.C. § 523(a)(6).

### IV.   11 U.S.C. § 523(a)(6)

15. 11 U.S.C. § 523(a)(6) provides that a discharge under bankruptcy does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

16. The term "willful" means deliberate or intentional. *In re Therous*, 49 F.3d 728, at 3 (5th Cir. 1995).

17. "Although not defined by Congress, this court has interpreted the word 'malicious',

as used in Section 523 to mean 'without just cause or excuse.' *Seven Elves,* 704 F.2d at 245. Furthermore, in determining whether a debtor acted without just cause or excuse, the court must apply an objective standard. *American Honda Fin. Corp. v. Grier (In re Grier),* 124 B.R. 229, 232 (Bankr.W.D.Tex.1991)." *Id*.

18.     The evidence and testimony will show the Defendants' actions were without just cause or excuse.

19.     The Defendants falsely represented the designs for their modifications had been reviewed and certified by an engineer when they knew they had not.  In fact, the referenced civil engineer, Tom Schmidt, testified "I told Mr. Kucera that the berm under no uncertain terms was to be removed, and I would not agree to certify anything, and if it wasn't removed, I wasn't working for him anymore." **Testimony of Tom Schmidt, October 7, 2021, p. 30.**

20.     The Defendants were notified of the damage their modifications were doing.  They not only ignored such notices and demands to cease, but instead chose to fortify and strengthen the dam and berm causing further damage to Plaintiffs land.

21.     The evidence and testimony will further show that Mr. Kucera specifically directed his employees to fill in drainage ditches that diverted water away from the Kolles' land and stated the intent and purpose in doing so was to "really flood them [Kolles] out."

22.     By nature of the willful and malicious injury inflicted, the debts owed to Clay Kolle and Lacy Kolle, jointly and individually, are non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

### V.     PRAYER

FOR THESE REASONS, Plaintiffs Clay Kolle and Lacy Kolle pray the Court find and enter judgment that the $535,702.49 joint award to the Kolles, the $207,972.61 individual award to Clay Kolle, and the $207,972.61 individual award to Lacy Kolle, are excepted from discharge

under 11 U.S.C. § 523(a)(6). The Kolles further ask for an award of their attorney fees, costs, interest, and for such further and other relief as the Court deems just.

DATED:	October 3, 2022.

            Respectfully submitted,

            **HUGHES WATTERS ASKANASE, L.L.P.**

            By: */s/ Michael Weems*
                Michael Weems
                TBN: 24066273
                Total Plaza
                1201 Louisiana, 28th Floor
                Houston, Texas  77002
                Telephone: 713-328-2822
                Facsimile:  713-351-0322
                Email:  mlw@hwa.com
                Counsel for the Plaintiffs

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to the following parties on 3 day of October, 2022.

| | |
|---|---|
| *Debtor*<br>David Ray Kucera<br>580 Jentry Road<br>Inez, TX 77968 | Walter J Cicack<br>Hawash Cicack & Gaston LLP<br>3401 Allen Parkway, Suite 200<br>Houston, TX 77019 |
| | Jeremy M. Masten<br>Hawash Cicack & Gaston LLP<br>3401 Allen Parkway<br>Suite 200<br>Houston, TX 77019 |
| *Joint Debtor*<br>Valerie McLennan Kucera<br>580 Jentry Road<br>Inez, TX 77968<br>VICTORIA-TX | |
| *Trustee*<br>Catherine Stone Curtis<br>Pulman, Cappuccio & Pullen, LLP<br>P.O. Box 720788<br>McAllen, TX 78504 | |
| *U.S. Trustee*<br>US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002<br>713-718-4650 | Jayson B. Ruff<br>Office of the United States Trustee<br>515 Rusk St.<br>Ste. 3516<br>Houston, TX 77002 |

Christopher Ross Travis
DOJ-Ust
515 Rusk Street
Ste 3516
Houston, TX 77002

**/s/ *Michael Weems***
Michael Weems